

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**September 22, 2017 13:43**

By: GINA M. CRAWFORD 0091535

Confirmation Nbr. 1179823

CHRISTIE ELKO                                    CV 17 886321

vs.

FLOYD TAKACS ET. AL., ET AL        Judge: NANCY A. FUERST

Pages Filed: 12

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **CHRISTIE ELKO** <br> 6031(H) Glenway Street <br> Brookpark, Ohio 44142 | ) <br> ) <br> ) <br> ) | CASE NO. |
| Plaintiff, | ) <br> ) | JUDGE: |
| vs. | ) <br> ) | |
| **FLOYD TAKACS** <br> C/O Olmsted Falls Police Department <br> 26100 Bagley Road <br> Olmsted Falls, Ohio 44138 | ) <br> ) <br> ) <br> ) | **COMPLAINT** |
| **Individually and in His Official Capacity As an Employee of The City of Olmsted Falls, Ohio** | ) <br> ) <br> ) | |
| and | ) | |
| **DANIEL DAUGHERTY** <br> C/O Olmsted Falls Police Department <br> 26100 Bagley Road <br> Olmsted Falls, Ohio 44138 | ) <br> ) <br> ) <br> ) | |
| **Individually and in His Official Capacity As an Employee of The City of Olmsted Falls, Ohio** | ) <br> ) <br> ) | |
| and | ) | |
| **CITY OF OLMSTED FALLS, OHIO** <br> 26100 Bagley Road <br> Olmsted Falls, Ohio 44138 | ) <br> ) <br> ) | |
| and | ) <br> ) | |

```
JOHN DOES 1 THOUGH 10,           )
INCLUSIVE OF ENTITIES AND/OR     )
PERSONS WHO'S NAMES,             )
ADDRESSES AND IDENTITIES         )
ARE UNKNOWN TO PLAINTIFF ELKO    )
AT THIS TIME                     )
                                 )
            Defendants.          )    (Jury Demand Endorsed Hereon)
```

## I. PRELIMINARY RECITALS

1. This action is brought pursuant to Ohio statutes, Amendments IV and XIV of the Untied States Constitution, and 42 U.S.C. § 1983 and § 1988. respectively.

2. This action arises as a result of an incident that occurred in the City of Olmsted Falls. Cuyahoga County. Ohio, 44138, on or about September 24, 2016.

3. Plaintiff. Christie Elko. at all relevant times hereto, resided at 9535 Columbia Road, Olmsted Falls, Ohio, 44138.

4. Defendant, Floyd Takacs, at all relevant times hereto, was an individual and was employed by the City of Olmsted Falls as a Sergeant in the City of Olmsted Falls. Ohio Police Department and acted under the color of law. He is sued individually and in his official capacity as an employee of the City of Olmsted Falls, Ohio.

5. Defendant, Daniel Daugherty, at all relevant times hereto, was an individual and was employed by the City of Olmsted Falls as an Officer in the City of Olmsted Falls, Ohio Police Department and acted under the color of law. He is sued individually and in his official capacity as an employee of the City of Olmsted Falls. Ohio.

6. Defendant, City of Olmsted Falls, Ohio, at all relevant times hereto, was an Ohio corporation or political subdivision of the state of Ohio, organized and existing under the laws of the state of Ohio and operating and conducting business in Cuyahoga County,

Ohio. City of Olmsted Falls Police Department is a subdivision of Defendant City of Olmsted Falls, Ohio and acted under the color of law.

7. Defendant JOHN DOES 1 through 10, upon information and belief, are unnamed City of Olmsted Falls, Ohio Employees and/or City of Olmsted Falls, Ohio Police Department officers and/or employees, that caused or contributed to the injures and damages sustained by Plaintiff Elko. As Defendants are withholding substantial evidence and information alleging that the underlying criminal investigation involving Plaintiff Elko is open and ongoing, Plaintiff Elko cannot properly ascertain the identities of all individuals responsible for causing injuries and damages to Plaintiff Elko.

## II. FACTS

8. At all times relevant herein, on or about September 24, 2016, Defendant Takacs, individually and in his capacity as an employee of the City of Olmsted Falls, Ohio, was on-duty and acting under the color of law within the scope of his assigned duties as a Sergeant of the Olmsted Falls Police Department.

9. Defendant Takacs was radio-dispatched by a 911 dispatcher, to investigate an alleged incident of domestic violence that occurred at 9535 Columbia Road in the City of Olmsted Falls, Ohio, 44138.

10. Defendant Takacs responded to the scene while displaying his vehicle's emergency lights and siren.

11. Upon arrival at the scene of the alleged domestic violence incident, with no prior knowledge of Plaintiff Elko, Defendant Takacs exited his vehicle and quickly and aggressively approached Plaintiff Elko while Plaintiff Elko was standing on a public sidewalk with her thirteen-year-old daughter.

12. Without knowing for whom he was searching, Defendant Takacs, aggressively demanded that the Plaintiff Elko identify herself.

13. Plaintiff Elko is a former and long-term victim of domestic abuse and violence. As such, Plaintiff Elko is sensitive to and has a heightened desire to protect herself, and her children, from any and all unwarranted aggression.

14. During the initial encounter with Defendant Takacs, Plaintiff Elko questioned Defendant Takacs' aggressive, demanding demeanor and Plaintiff Elko's need to identify herself to Defendant Takacs.

15. In light of Plaintiff Elko's right to question Defendant Takacs' authority, Defendant Takacs, without cause to do so, and with excessive force, became physically aggressive and violent with Plaintiff Elko and threw Plaintiff Elko to the pavement.

16. Defendant Daugherty, arrived at the scene, without prior knowledge of what had transpired. He immediately discharged his Taser gun multiple times on Plaintiff Elko's bare flesh. Defendant Daugherty proceeded to kneel on Plaintiff Elko's neck, back, and shoulders as he continued to press his Taser gun against Plaintiff Elko's exposed flesh. Disoriented, dazed, and immobilized, Plaintiff Elko struggled to comply with Defendant Takacs' commands to offer her wrists for cuffing. Defendant Takacs forced Plaintiff Elko's wrists backwards. While Plaintiff Elko was lying face down on the pavement, Defendant Daugherty continued to shout and threaten. "I'm going to tase you!" Plaintiff Elko cried out in pain as she was sprawled out on the pavement, in a dress, in the middle of the street, with her daughter watching. Plaintiff Elko suffered this brutal attack under Defendant Takacs' and Defendant Daugherty's combined weight and force.

17. While handcuffed, face down on the pavement in the middle of the street, Plaintiff Elko struggled to breathe while Defendant Daugherty straddled her neck, back, and shoulders.

18. Defendant Takacs proceeded to yank Plaintiff Elko's handcuffed wrists backwards and upwards as he abruptly and repeatedly shouted and commanded her to "Get up!"

19. Plaintiff Elko struggled to breathe as she rolled over from her face-down position, gathered her knees together under her long, confining dress, and tried to gain her balance while Defendant Takacs continued to stomp on her feet and kick her.

20. As a result of Defendant Takacs' and Defendant Daugherty's actions during their encounter with Plaintiff Elko, Plaintiff Elko was in shock, traumatized, and was terrified of the Defendants.

21. At no time did Defendant Takacs or Defendant Daugherty have probable cause to arrest Plaintiff Elko.

22. At all times relevant to this action, Defendant Takacs, individually and as an employee of the City of Olmsted Falls, acted unreasonably, recklessly, negligently, willfully, wantonly, knowingly, intentionally and with deliberate disregard as to the safety and rights of Plaintiff Elko.

23. At all times relevant to this action, Defendant Daugherty, individually and as an employee of the City of Olmsted Falls, acted unreasonably, recklessly, negligently, willfully, wantonly, knowingly, intentionally and with deliberate disregard as to the safety and rights of Plaintiff Elko.

24. As a direct and proximate result of Defendant Takacs' and Defendant Daugherty's unreasonable, reckless, negligent, willful, wanton, knowing, and intentional conduct, Plaintiff Elko suffered physical injury, pain, and emotional and psychological trauma.

25. As a result of Plaintiff Elko's injuries proximately caused by the unreasonable, reckless, negligent, willful, wanton, knowing, and intentional conduct of Defendant Takacs and Defendant Daugherty, Plaintiff Elko incurred medical and hospital expenses and expects to incur additional medical expenses.

26. At all times relevant to this action, Defendant Olmsted Falls, employed Defendant Takacs as an Olmsted Falls Police Officer.

27. At all times relevant to this action, Defendant Olmsted Falls, employed Defendant Daugherty as an Olmsted Falls Police Officer.

28. At all times relevant hereto, Defendant Olmsted Falls is liable for the unreasonable, reckless, negligent, willful, wanton, knowing, and intentional conduct of Defendant Takacs and Defendant Daugherty, under the doctrine of respondeat superior.

29. Defendant Olmsted Falls unreasonably, recklessly, negligently, willfully, wantonly, knowingly, intentionally and with deliberate disregard for the safety and rights of all citizens, including Plaintiff Elko, failed to adequately train and supervise Defendant Takacs and Defendant Daugherty.

30. As a direct and proximate result of Defendant Olmsted Falls' unreasonable, reckless, negligent, willful, wanton, knowing, intentional failure to train and supervise

Defendant Takacs and Defendant Daugherty, as its employees, Plaintiff Elko suffered physical injury, pain, and emotional and psychological trauma.

31. As a result of Plaintiff Elko's injuries directly and proximately caused by the unreasonable, reckless, negligent, willful, wanton, knowing, and intentional failure to train and supervise Defendant Takacs and Defendant Daugherty as its employees, Plaintiff Elko incurred medical and hospital expenses and expects to incur additional medical expenses.

32. At all times relevant herein, upon information and belief, John Does 1-10, inclusive, are employees and/or agents and/or entities of Defendant Olmsted Falls, whose names and identities Plaintiff Elko does not know and despite due diligence has been unable to ascertain, may be a proximate cause of this incident which is the subject of this lawsuit. Except for Plaintiff Elko's inability to discover the names and identities of Defendants John Does 1-10, inclusive, this action would be brought against them in their proper, true, and exact names and capacities, and Plaintiff Elko will provide said information when such information becomes fully known to Plaintiff Elko.

## III. FIRST CAUSE OF ACTION

### (Excessive Force)

33. Plaintiff incorporates by reference each preceding paragraph as if fully rewritten herein.

34. Defendants, jointly and severally, under the color of law, deprived Plaintiff Elko of the rights, privileges and immunities the laws and the Constitutions of the State of Ohio and The United States, including the right to be secure in her person against

Electronically Filed 09/22/2017 13:43 / / CV 17 886321 / Confirmation Nbr. 1179823 / CLDMK

unreasonable searches and seizures without probable cause and be free from the use of excessive force.

35. As a direct and proximate result of Defendants' excessive force, Plaintiff Elko sustained economic and noneconomic damages, including, but not limited to, physical and emotional pain and suffering, which will continue into the future.

## IV. SECOND CAUSE OF ACTION

### (False/Wrongful Arrest)

36. Plaintiff incorporates by reference each preceding paragraph as if fully rewritten herein.

37. Defendant Takacs and Defendant Daugherty, acting under color of law as uniformed Olmsted Falls officers, intentionally, knowingly, and negligently caused Plaintiff Elko to be arrested and held against her will without probable cause or lawful justification in violation of Plaintiff Elko's rights guaranteed under the Fourth and/or Fourteenth Amendments.

38. Defendant Takacs and Defendant Daugherty lacked probable cause when they arrested Plaintiff Elko.

39. In causing Plaintiff Elko's detention, arrest and being held against her will under the circumstances at issue, Defendant Takacs and Defendant Daugherty acted intentionally, negligently, wantonly, willfully, recklessly, without justification, and maliciously, warranting the imposition of exemplary punitive damages.

40. Faced with the circumstances present on September 24, 2016, a reasonably prudent law enforcement officer would or should have known that causing the arrest,

Page 8 of 12

Electronically Filed 09/22/2017 13:43 / / CV 17 886321 / Confirmation Nbr. 1179823 / CLDMK

detention and/or holding Plaintiff Elko against her will violated Plaintiff Elko's clearly established Fourth and/or Fourteenth Amendment rights.

41. As a direct and proximate result of the Defendants' unlawful/wrongful/false arrest, Plaintiff Elko sustained economic and noneconomic damages, including, but not limited to, physical and emotional pain and suffering which will continue into the future.

## V. THIRD CAUSE OF ACTION

### (Assault and Battery)

42. Plaintiff incorporates by reference each preceding paragraph as if fully rewritten herein.

43. Defendant Takacs and Defendant Daugherty unreasonably, recklessly, negligently, willfully, wantonly, knowingly, intentionally and with deliberate disregard as to the safety and rights of Plaintiff Elko, committed assault and battery by engaging in unlawful touching – to wit, Defendant Takacs and Defendant Daugherty handcuffed and forcefully restrained Plaintiff Elko against her will – and through the actions of Defendant Takacs, Defendant Daugherty, and the other Defendants – Plaintiff Elko suffered repeated unlawful touching, restraint, and undo force.

44. As a direct and proximate result of the Defendants' behaviors, Plaintiff Elko suffered both physical and mental injuries and is entitled to relief.

## VI. FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

45. Plaintiff incorporates by reference each preceding paragraph as if fully rewritten herein.

46. At the aforementioned times and places, the Defendants – each and all of them – intended to cause emotional distress or knew or should have known that their actions would result in severe emotional distress to Plaintiff.

47. Defendants' extreme and outrageous conduct described herein transcends all bounds of decency and is intolerable in a civilized community.

48. Defendants' conduct was intentional, negligent, willful, malicious, in bad faith and/or engaged in with reckless disregard for Plaintiff Elko, which warrants the imposition of exemplary punitive damages.

49. Defendants' action proximately caused Plaintiff Elko to suffer serious mental anguish and emotional distress.

## VII. FIFTH CAUSE OF ACTION

### (Malicious Prosecution)

50. Plaintiff incorporates by reference each preceding paragraph as if fully rewritten herein.

51. Defendants violated Plaintiff Elko's rights by filing bad faith criminal charges against her, and/or continuing the prosecution.

52. As a direct and proximate result of the Defendants' behaviors, Plaintiff Elko suffered both physical and mental injuries and is entitled to relief.

## VIII. SIXTH CAUSE OF ACTION

### (Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### Failure to Implement Appropriate Policies, Customs and Practices)

53. Defendants, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things allowing

employees of the Olmsted Falls Police Department to arrest citizens without probable cause.

54. The Defendants' negligent failure to adequately train and supervise employees amounts to deliberate indifference to the rights of Plaintiff Elko to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

55. As a direct and proximate result of the Defendants' behaviors, Plaintiff Elko suffered both physical and mental injuries and is entitled to relief.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Elko demands judgment against the Defendants, jointly and severally, for compensatory damages in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS), prejudgment interest, plus the cost of this action, and any other additional relief as the Court deems proper.

**WHEREFORE**, Plaintiff Elko seeks punitive damages against Defendants in an amount to be proven at trial, plus reasonable attorney fees, plus prejudgment interest, the cost of this action, and any other additional relief as the Court deems proper.

Respectfully submitted,

*/s/ Gina M. Crawford*

Gina M. Crawford (0091535)
Attorney for the Plaintiff Elko
Crawford Legal, L.L.C.
P.O. Box 16696
Rocky River, Ohio 44116
(440) 570-9653
gmcrawford@outlook.com

## JURY DEMAND

A trial by jury is demanded on all issues

*Gina M. Crawford*
Gina M. Crawford (0091535)
Attorney for Plaintiff Elko

## PRAECIPE

Now come Plaintiff Elko, by and through the undersigned counsel, and hereby respectfully requests that the Clerk of Courts serve Defendants, by certified mail, with a copy of this Complaint at the addresses listed in the caption of this pleading.

Respectfully Submitted,

*Gina M. Crawford*
Gina M. Crawford (0091535)
Attorney for the Plaintiff Elko
Crawford Legal, L.L.C.
P.O. Box 16696
Rocky River, Ohio 44116
(440) 570-9653
gmcrawford@outlook.com

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17886321 | D3 FX | 33351224 |

Rule 4 (B) Ohio
Rules of Civil Procedure

```
         CHRISTIE ELKO              PLAINTIFF
              VS
   FLOYD TAKACS ET. AL., ET AL      DEFENDANT
```

# SUMMONS

CITY OF OLMSTED FALLS, OHIO
26100 BAGLEY ROAD
OLMSTED FALLS OH 44138

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

GINA M CRAWFORD
P.O. BOX 16696

ROCKY RIVER, OH 44116-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY A FUERST
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas



By_____
                Deputy



| DATE SENT |
|---|
| Sep 25, 2017 |

COMPLAINT FILED   09/22/2017

CMSN130

| CASE NO. | SUMMONS NO. |
|---|---|
| CV17886321   D2 FX | 33351223 |

Rule 4 (B) Ohio
Rules of Civil
Procedure

CHRISTIE ELKO          **PLAINTIFF**
VS
FLOYD TAKACS ET. AL., ET AL    **DEFENDANT**

# SUMMONS

DANIEL DAUGHERTY
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS AN EMPLOYEE OF THE CITY
OF OLMSTED FALLS,OH
C/O OLMSTED FALLS POLICE DEPT
26100 BAGLEY ROAD
OLMSTED FALLS OH 44138

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

**Plantiff's Attorney**

GINA M CRAWFORD
P.O. BOX 16696

ROCKY RIVER, OH 44116-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY A FUERST
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
**Clerk of the Court of Common Pleas**



By_____
                    Deputy

| DATE SENT |
|---|
| Sep 25, 2017 |

COMPLAINT FILED   09/22/2017

CMSN130

| SUMMONS IN A CIVIL ACTION | COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER CLEVELAND, OHIO 44113 |
|---|---|

| CASE NO. | SUMMONS NO. |
|---|---|
| CV17886321 | D1 FX  33351222 |

Rule 4 (B) Ohio
Rules of Civil Procedure

```
        CHRISTIE ELKO           PLAINTIFF
             VS
   FLOYD TAKACS ET. AL., ET AL  DEFENDANT
```

# SUMMONS

```
FLOYD FRANK TAKACS
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS AN EMPLOYEE OF CIY OF
OLMSTED FALLS,OH
C/O OLMSTED FALLS POLICE DEPT
26100 BAGLEY ROAD
OLMSTED FALLS OH 44138
```

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on:



You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

```
GINA M CRAWFORD
P.O. BOX 16696

ROCKY RIVER, OH 44116-0000
```

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

```
NANCY A FUERST
Do not contact judge. Judge's name is given for
attorney's reference only.
```



NAILAH K. BYRD
Clerk of the Court of Common Pleas

By _____
        Deputy

| DATE SENT | |
|---|---|
| Sep 25, 2017 | |

COMPLAINT FILED   09/22/2017

CMSN130